The STATE of Texas

v.

Tony RICE.

No. 12–92–00265–CR.

Court of Appeals of Texas,
Tyler.

April 27, 1993.

Rehearing Denied May 28, 1993.

Discretionary Review Refused
Sept. 15, 1993.

Don Gordon, Dist. Atty., Crockett, for appellant.

Joe Griffith, Crockett, for appellee.

BILL BASS, Justice.

Appellee Tony Rice was found guilty by a jury of capital murder on September 15, 1987, and the jury assessed the death penalty, resulting in an automatic appeal to the Court of Criminal Appeals. The Court of Criminal Appeals reversed the capital murder conviction and acquitted Rice on January 30, 1991. On June 26, 1991, the State reindicted Rice for the offense of murder. On October 3, 1991, Rice filed his Application for Writ of Habeas Corpus which was granted by the trial court on the ground that the murder indictment against Rice constituted double jeopardy.

The State now brings this appeal from the trial court's order granting Rice's Writ of Habeas Corpus. In one point of error, the State asserts that double jeopardy does not bar prosecution of Appellee for the lesser included offense of murder in this case when the jury was charged on the lesser included offense in the first trial.

This Court is presented with the question of whether appellate reversal of a defendant's conviction based solely on the ground that there was insufficient evidence to prove the "aggravating" element of the offense, bars (under the Double Jeopardy Clause) a subsequent prosecution for the lesser included offense when the jury charge included an instruction for both offenses.

Appellee was originally convicted and sentenced to death for capital murder. A jury found he had murdered for remuneration a fellow inmate while incarcerated in the East-

ham Unit of the Texas Department of Criminal Justice–Institutional Division. *See* TEX.PENAL CODE ANN. § 19.03(a)(3) (Vernon 1989). The Texas Court of Criminal Appeals reversed Appellee's capital murder conviction and entered an acquittal after finding the evidence to be insufficient that the killing was done for remuneration. *Rice v. State,* 805 S.W.2d 432 (Tex.Cr.App.1991). Subsequently, Appellee was indicted for murder arising out of the same incident. However, the trial court dismissed the murder indictment on Appellee's application for writ of habeas corpus on grounds that it subjected Appellee to double jeopardy in violation of the UNITED STATES and TEXAS CONSTITUTIONS. The court concluded that the Texas Court of Criminal Appeal's opinion in *Stephens v. State,* 806 S.W.2d 812 (Tex.Cr.App.1990), precluded the State from indicting and prosecuting Appellee for the lesser included offense of murder.

In *Stephens,* an aggravated sexual assault case, the Texas Court of Criminal Appeals held that "when a defendant has obtained a reversal of a conviction for a greater offense solely on the ground that there was insufficient evidence to prove the aggravating element of that offense, the Double Jeopardy Clause bars a subsequent prosecution for a lesser included offense." *Stephens,* 806 S.W.2d at 819. However, noting that the jury charge did not include a jury instruction on the lesser included offense of murder, the court expressly declined to answer the question "whether the Double Jeopardy Clause would bar a subsequent prosecution if the jury charge had included an instruction on the lesser included offense or if the trial court had erroneously refused the State's request for a lesser included offense instruction." *Id.* at 819, n. 4.

■ Rice argues that the logic of *Stephens* is straightforward and plainly applicable to his case. There was insufficient evidence to support the conviction, although only the proof of the aggravating element was deficient. An appellate finding of insufficient evidence mandates an acquittal. *Burks v. United States,* 437 U.S. 1, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1978). A reversal based on insufficient evidence has the same effect

as an acquittal by a jury, because it is a finding that no rational finder of fact could have voted to convict the defendant. *Tibbs v. Florida,* 457 U.S. 31, 41–42, 102 S.Ct. 2211, 2217–18, 72 L.Ed.2d 652 (1982). An acquittal bars retrial for the same offense. For double jeopardy purposes, a lesser included offense is the same offense as the greater offense. *Blockburger v. United States,* 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932). Therefore, Rice argues, the double jeopardy clause prohibits his prosecution for the lesser offense of murder after his acquittal of the greater offense of capital murder. He argues that the presence in his jury charge of an instruction on ordinary murder only artificially distinguishes his case from *Stephens,* and is no basis for a different jeopardy analysis from that applied in *Stephens.*

In returning a verdict of guilty to a greater offense, a jury by implication necessarily finds all the elements of a lesser included offense. Why, then, should the presence of a specific instruction on the lesser offense mandate a different jeopardy analysis?

■ In *Beck v. Alabama,* 447 U.S. 625, 634, 100 S.Ct. 2382, 2388, 65 L.Ed.2d 392 (1980), the Supreme Court recognized the substantial risk of conviction not based on the evidence when the jury is not instructed on the lesser included offenses. Where "the evidence unquestionably establishes that the defendant is guilty of a serious, violent offense—but leaves some doubt with respect to an element that would justify conviction of a capital offense—the failure to give the jury the 'third option' of convicting on a lesser included offense would seem inevitably to enhance the risk of an unwarranted conviction." *Id.*

In *Keeble v. United States,* 412 U.S. 205, 212–13, 93 S.Ct. 1993, 1997–98, 36 L.Ed.2d 844 (1973), the Supreme Court noted:

[I]t is no answer to petitioner's demand for a jury instruction on a lesser offense to argue that a defendant may be better off without such an instruction. True, if the prosecution has not established beyond a reasonable doubt every element of the offense charged, and if no lesser offense instruction is offered, the jury must, as a

theoretical matter, return a verdict of acquittal. But a defendant is entitled to a lesser offense instruction—in this context or any other—precisely because he should not be exposed to the substantial risk that the jury's practice will diverge from theory. Where one of the elements of the offense charged remains in doubt, but the defendant is plainly guilty of *some* offense, the jury is likely to resolve its doubts in favor of conviction.

*Id.* Although instances arise wherein the defendant does not want a lesser included offense instruction, it is generally agreed that its inclusion enhances the likelihood that the jury will accord the defendant the benefit of the reasonable doubt standard.

In *Granger v. State*, 850 S.W.2d 513 (Tex. Crim.App.1993), a case delivered since the submission of the instant case, the Court of Criminal Appeals has only recently rejected Rice's argument. In *Granger*, the Court reasoned that the State, by failing to obtain an instruction on the lesser included offense, had effectively failed to pursue the lesser offense after jeopardy had attached. Therefore, the Court held that, under those circumstances, the State was barred from prosecuting the lesser offense. However, the Court held that if the jury charge in the first trial contained an instruction on the lesser offense, retrial of the lesser offense was proper after a reversal of a conviction for the greater offense because of the insufficiency of proof of the aggravating element.

Rice's jury charge contained an instruction on the offense of ordinary murder. The State's point of error is sustained.

The trial court's order granting Appellee's application for writ of habeas corpus is reversed and the cause is remanded for further proceedings consistent with this opinion.